UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD KIMMIE, | ) | CASE NO. 1:06CV1302 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| REGINALD WILKERSON, et al., | ) | INTERIM |
| | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

The instant matter is before the Court on the motion to dismiss filed by an interested party, the Ohio Department of Rehabilitation and Correction pursuant to Fed. R. Civ. P. 12(b)(5). ECF Dkt. #23. For the following reasons, the undersigned recommends that the Court DENY the instant motion.

**I.   PROCEDURAL HISTORY**

On May 25, 2006, Petitioner filed a Complaint in this Court alleging violations of 42 U.S.C. § 1983.[1] ECF Dkt. #1. Included with his Complaint, Petitioner filed 725 pages of exhibits ("Complaint Exhibits").[2] ECF Dkt. #1, Attachment 1; *See* ECF Dkt. #11 at 7-8. On

---

[1] The facts of this case are contained in the Court's Order of September 14, 2006 and again in Petitioner's Amended Complaint. ECF Dkt. #s 11, 29. Briefly, Petitioner's allegations of 42 U.S.C. § 1983 violations surround an injury he received to his shoulder while incarcerated, the medical diagnosis and treatment of that injury, and further, his allegations concern the way that prison staff has responded to his repeated requests for medical attention and adjustments to his prison status in order to accommodate his injury.

[2] The Docket notes 725 pages on file in the Clerk's Office as Attachment #1. ECF Dkt. #1. In the Court's September 14, 2006 Order, the Court indicated there were 745 documents

-1-

September 14, 2006, the Court issued a Memorandum Opinion and Order dismissing all claims against 26 of the named Defendants, and leaving claims against Defendant Stabil and Defendant Alexander intact. ECF Dkt. #11. At that time the Court directed the Clerk's Office to forward the appropriate documents to the U.S. Marshal for service of process on the Defendants. *Id.* at 13. Thereafter, on September 20, 2006, the Docket reflects that the summons' were issued to the U.S. Marshal for service upon Defendants Stabil and Alexander; however, the Docket also reflects that the Complaint Exhibits were not included. The note on the Docket states that, "Copies of manually-filed exhibits to complaint not supplied by plaintiff and not photocopied or served upon defendants." *See Docket*.

On October 11, 2006, the U.S. Marshal returned service unexecuted upon Mr. Stabil. The certified mail was returned to sender as not deliverable and unable to forward with the note, "no longer working here." ECF Dkt. #17. On October 16, 2006, the U.S. Marshal returned service executed upon Mr. Alexander via certified mail. ECF Dkt. #18. As of today's date neither Defendant have made an appearance in the case. On December 13, 2006, the Ohio Department of Rehabilitation and Correction, as an interested party, filed a motion to dismiss the case for want of service pursuant to Fed. R. Civ. P. 12(b)(5). ECF Dkt. #23. On December 26, 2006 and December 27, 2006, Plaintiff filed a response. ECF Dkt. #s 26 and 25.

This case has been referred to the undersigned for a report and recommendation and for general pretrial supervision. ECF Dkt. #13.

---

attached to the Complaint. ECF Dkt. #11 at 7.

**II.    DISCUSSION**

The Ohio Department of Rehabilitation and Correction argues that because the 725 pages of exhibits that were filed with the Complaint were not also served upon the two remaining Defendants within the 120-day time limit, that service was improper.  ECF Dkt. #23.  Petitioner responds that he has good cause for failing to properly serve the Defendants.  Specifically, Petitioner avers that he sent copies of the relevant parts of the manually filed exhibits that pertain to Mr. Alexander physically assaulting Petitioner.  ECF Dkt. #26.  Further, Petitioner avers that upon learning the address for Mr. Stabil was no longer valid, he filed a motion by way of the clerk's office, to obtain his forwarding address.  *Id.*

> Fed. R. Civ. P. 4(m) provides, in relevant part:
>
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Thus, the Court must extend the time for service upon the showing of good cause and otherwise, the Court has the discretion to extend the 120-day time limit within which to effect service without a showing of good cause.  *Osbourne v. First Union Nat. Bank of Delaware*, 217 F.R.D. 405, 407-408 (S.D. Ohio 2003).  Further, Local R. 4.1 states that, "Where a plaintiff has been granted leave to proceed in form a pauperis, the U.S. Marshal shall be directed to serve the summons and complaint, pursuant to 28 U.S.C. § 1915(c)[.]" Local R. 4.1.

It is clear from the Docket that the Court ordered the Clerk's office to forward the "appropriate documents" to the U.S. Marshal for service of process.  *See* ECF Dkt. #11; *see also*

28 U.S.C. § 1915(c); Fed. R. Civ. P. 4(c). The Court's Order makes no mention of who is to supply said documents. However, since Petitioner is pro se and proceeding *in forma pauperis*, he has few resources at his disposal. Be that as it may, Petitioner avers that he filed a motion to obtain the forwarding address of Mr. Stabil, that has not appeared on the Docket, and also sent copies of the relevant Complaint Exhibits to both Defendants. ECF Dkt. #26. In addition, it appears that Plaintiff has submitted the proper forms for service of process by the United States Marshal's Office regarding the summons. It is apparent from the plethora of motions on the Docket that Petitioner has been more than diligent with pursuing this case, even if not completely orthodox in his procedure.

Therefore, the undersigned recommends that the Court in its discretion, extend the 120-day time limit for an additional 45 days in order for Petitioner to perfect service. Further, the undersigned recommends that the Court order the Clerk's Office to make copies of the Complaint Exhibits for forwarding to the U.S. Marshal for service of process upon Defendant Alexander and upon Defendant Stabil, if and when Petitioner obtains his current address.

Further, the undersigned notes that even had Petitioner's motion to obtain the forwarding address of Mr. Stabil been docketed, it would have been denied. It is Petitioner's responsibility to obtain the correct mailing address for each of the Defendants in this case. Moreover, to prevent further confusion with Petitioner's motions, the undersigned recommends that the Court direct Petitioner to address all further pleadings, motions or other filings in this case to the Clerk of Courts in Akron, Ohio at the following address:

> Clerk, U.S. District Court
> 568 United States Courthouse
> Federal Building

       Two South Main Street
       Akron, Ohio 44308-1813

**III.    CONCLUSION**

Based on the foregoing, the undersigned recommends that the Court DENY the motion to dismiss filed by the Ohio Department of Rehabilitation and Correction and extend the 120-day time limit for an additional 45 days in order for Petitioner to perfect service.  To that end, the undersigned recommends that the Court order the Clerk's Office to make copies of the Complaint Exhibits for forwarding to the U.S. Marshal for service of process upon Defendant Alexander and Defendant Stabil, if and when Petitioner obtains his current address.  Further, the undersigned recommends that the Court direct Petitioner to address all further pleadings, motions or other filings in this case to the Clerk of Courts in Akron, Ohio at the following address:

       Clerk, U.S. District Court
       568 United States Courthouse
       Federal Building
       Two South Main Street
       Akron, Ohio 44308-1813

Date: January 18, 2007                          */s/George J. Limbert*
                                                                 George J. Limbert
                                                                 United States Magistrate Judge

     ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).