## THE UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD KIMMIE, | ) | CASE NO.:  1:06CV1302 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| REGINALD WILKINSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff's Request for Reconsideration. (ECF Doc. #15)  However, Plaintiff did not file his motion for reconsideration within the time limitations permitted under Fed. R. Civ. P. 59(e).  Therefore, the Court will consider it a Rule 60(b) motion for relief from judgment.

Under Rule 60(b), the motion may be granted only for certain specified reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the operation of the judgment. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998).   Plaintiff has failed to make a showing that he should be relieved from the judgment of this Court for any of the reasons stated under Rule 60(b).  The only plausible theory that can be made from the motion is that Plaintiff

is arguing that he should be relieved from judgment "for any other reason justifying

relief."

Rule 60(b)(6) is properly invoked only in unusual and extreme situations where

principles of equity mandate relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th

Cir.1990).  Plaintiff has failed to make allegations that would be considered unusual and

extreme circumstances justifying relief.

The Court notes that Plaintiff does bring up exhaustion.  It could be argued that

Plaintiff's complaint should not be dismissed for failure to exhaust under *Jones v. Bock,*

2007 WL 135890 (U.S. Jan. 22, 2007).  However, the Court did not rely on exhaustion in

dismissing the claims.  *See* ECF Doc. #11.

## CONCLUSION

Based on the above, the Court finds no just reason to grant Plaintiff relief from

judgment under Rule 60(b).  Plaintiff's Request for Reconsideration (Doc. #15) is

therefore DENIED.


So ordered.


_____s/ Judge John R. Adams_____
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT