UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD KIMMIE, | ) | CASE NO. 1:06CV1302 |
|         Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| REGINALD WILKERSON, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
|         Defendants. | ) | |

The undersigned *sua sponte* recommends that this case be dismissed without prejudice for failure to perfect service of process.

**I.    Procedural History**

On May 25, 2006, Petitioner filed a Complaint in this Court alleging violations of 42 U.S.C. § 1983 surrounding an injury he received to his shoulder while incarcerated, the medical diagnosis and treatment of that injury, the way that prison staff has responded to his repeated requests for medical attention and adjustments to his prison status in order to accommodate his injury.[1] ECF Dkt. #1. Included with his Complaint, Petitioner filed 725 pages of exhibits ("Complaint Exhibits").[2] ECF Dkt. #1, Attachment 1; *See* ECF Dkt. #11 at 7-8. On September 14, 2006, the Court issued a Memorandum Opinion and Order dismissing all claims against 26 of the named Defendants, and leaving claims against Defendant Stabil and Defendant

---

[1] The facts of this case are contained in the Court's Order of September 14, 2006 and again in Petitioner's Amended Complaint. ECF Dkt. #s 11, 29.

[2] The Docket notes 725 pages on file in the Clerk's Office as Attachment #1. ECF Dkt. #1. In the Court's September 14, 2006 Order, the Court indicated there were 745 documents attached to the Complaint. ECF Dkt. #11 at 7.

Alexander intact. ECF Dkt. #11. At that time the Court directed the Clerk's Office to forward the appropriate documents to the U.S. Marshal for service of process on the Defendants. *Id.* at 13. Thereafter, on September 20, 2006, the Docket reflects that the summons' were issued to the U.S. Marshal for service upon Defendants Stabil and Alexander; however, the Docket also reflects that the Complaint Exhibits were not included. The note on the Docket states that, "Copies of manually-filed exhibits to complaint not supplied by plaintiff and not photocopied or served upon defendants." *See Docket*.

On October 11, 2006, the U.S. Marshal returned service unexecuted upon Mr. Stabil. The certified mail was returned to sender as not deliverable and unable to forward with the note, "no longer working here." ECF Dkt. #17. On October 16, 2006, the U.S. Marshal returned service executed upon Mr. Alexander via certified mail. ECF Dkt. #18. On December 13, 2006, the Ohio Department of Rehabilitation and Correction, as an interested party, filed a motion to dismiss the case for want of proper service pursuant to Fed. R. Civ. P. 12(b)(5) regarding both Defendants, which was subsequently denied. ECF Dkt. #23, 30, 44-45. Instead, the Court extended the 120-day time limitation to serve the remaining two Defendants and gave Petitioner an additional 45 days to complete service and ordered the Clerk of Courts to make copies of the exhibits for service. ECF Dkt. #45.

On February 7, 2007, Judge John R. Adams referred this case to the undersigned for preparation of a report and recommendation and for general pretrial supervision. ECF Dkt. #47.

On February 21, 2007 and February 28, 2007, Petitioner filed motions to order the U.S. Marshal to complete service, but did not provide new or current addresses for either Defendant. ECF Dkt. #48-50. However, on February 8, 2007, the Clerk's Office had already prepared and issued a copy of the complaint and exhibits to the U.S. Marshals for service upon Mr. Alexander. *See Docket*. Subsequently, on February 28, 2007, service was returned unexecuted upon Mr. Alexander with the notation, "not deliverable as addressed, unable to forward." ECF Dkt. #51. On March 12, 2007, Petitioner filed a motion for completion of service and motion

for summary judgment. ECF Dkt. #55.

On March 28, 2007, the Court interpreted Plaintiff's motions to compel service as motions for ordinary mail service pursuant to Ohio Civ. R. 4.6(D) and ordered the Clerk of Courts to remit to the U.S. Marshals a copy of the complaint and exhibits attached thereto for ordinary mail service upon Defendants Alexander and Stabile. ECF Dkt. #57. Accordingly, the Clerk of Courts forwarded the appropriate documents to the U.S. Marshal for ordinary mail service upon Defendant Alexander and Defendant Stabile. *See Docket.* Subsequently, service was returned unexecuted as to both Defendants Alexander and Stabile. ECF Dkt. #s 66, 71.

**II.     Law and Analysis**

This Court has the discretion to extend the 120-day time limit within which to effect service without a showing of good cause. *Osbourne v. First Union Nat. Bank of Delaware*, 217 F.R.D. 405, 407-408 (S.D. Ohio 2003). And the Court's initial inclination was to do so in the instant case, as evidenced by the Court's February 6, 2007 and March 28, 2007 Orders. *See* ECF Dkt. #45, 57. However, at this time, the undersigned finds it appropriate to recommend that this case be dismissed without prejudice for failure to effectuate service of process.

Plaintiff has failed to provide the Clerk's Office with current addresses of either Defendant in order to effectuate service. This case was originally filed on May 25, 2006 and the complaint specifically included the names of Defendants Alexander and Stabile. *See* ECF Dkt. #1, 11. After the first service failed, instead of dismissing the Complaint for lack of service, the Court gave Plaintiff an additional 45 days to perfect service pursuant to Fed. R. Civ. P. 4(m). *See* ECF Dkt. #45. However, Plaintiff failed to provide the Clerk's Office with current addresses for either Defendant Alexander or Stabile. Plaintiff, though pro se, was advised by the Court that he had to perfect service of the complaint and exhibits upon Defendants. ECF Dkt. #30, 44-45, 57. In total, the Clerk's Office attempted service three times at the addresses Plaintiff provided, but to no avail. Plaintiff is well beyond the extended deadline to perfect service of process upon the remaining two Defendants in this case.

Accordingly, as the docket reflects that service was never perfected on Defendants Alexander or Stabile, the undersigned recommends that the Court dismiss the instant action for want of service.

### III. CONCLUSION

Plaintiff has failed to timely serve Defendants Alexander or Stabile. Accordingly, the undersigned recommends *sua sponte* that Plaintiff's claims against Defendants Alexander and Stabile be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated: June 22, 2007

    /s/George J. Limbert
GEORGE J. LIMBERT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objection within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).